UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11046-RGS

JACQUES ROBIDOUX

v.

STEPHEN O'BRIEN

MEMORANDUM AND ORDER ON
MOTION FOR A CERTIFICATE OF APPEALABILITY

March 19, 2010

STEARNS, D.J.

Jacques Robidoux is currently serving a life sentence for the murder of his infant son, Samuel. On February 11, 2010, the court adopted Magistrate Judge Sorokin's Report and Recommendation that Robidoux's petition for writ habeas corpus be dismissed without an evidentiary hearing. On February 25, 2010, Robidoux, through counsel, filed a motion for a certificate of appealability (COA), pursuant to 28 U.S.C. § 2253. The Respondent has not opposed the motion.

Robidoux's petition was premised principally on a claim of ineffective assistance of counsel, with particular emphasis on the argument that he was incapacitated by irrational religious beliefs and therefore not competent to stand trial. The court rejected Robidoux's petition, ruling that

> [a]ny notion of a lack of competence is dispelled by the extensive *pro se* colloquy conducted by the trial judge . . . . I agree with Magistrate Judge Sorokin (and the other judges who have reviewed petitioner's case) that the fact that a person subscribes to bizarre or even irrational beliefs does not *ipso facto* render him incompetent or clinically insane. See Genius v. Pepe, 986 F. Supp. 668, 682-683 (D. Mass. 1997), aff'd, 147 F.3d 64 (1st Cir. 1998). Finally, I disagree with the logic of petitioner's argument that (1)

> because his wife (who was a member of the cult led by petitioner and his father) was initially found incompetent to stand trial and was later acquitted on what appears to have been a "diminished capacity" battered woman defense, (2) it necessarily follows that petitioner was also incompetent to stand trial and therefore equally deserving of an eventual acquittal.

Memorandum and Order, Feb. 11, 2010, at 1-2.

Robidoux now asserts that he is entitled to a COA because the court erred in determining that counsel was not ineffective for: (1) failing to investigate whether Robidoux was competent to stand trial; (2) failing to investigate the alternative defenses of insanity and/or diminished capacity; and (3) failing to object to the admission of evidence regarding prior bad acts and statements to the police. Robidoux additionally argues that he was entitled to an evidentiary hearing.

## DISCUSSION

A habeas petitioner whose claims have been rejected by the district court on the merits is not entitled to an automatic appeal. Rather, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to [receive a certificate of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

The Supreme Court has delineated several factors that should be considered when making a competency determination, including: (1) evidence of irrational behavior; (2) demeanor at trial; and (3) any prior medical opinion on competence. See Drope v. Missouri, 420 U.S. 162, 180 (1975). Robidoux argues that the court erred in relying on his colloquy with the trial judge in making the determination that he was competent to stand trial. According to Robidoux, the court failed to give adequate weight to other purported indicia of incompetence, including two *pro se* filings submitted on the eve of trial containing "absurd, nonsensical ramblings," Robidoux's refusal to be evaluated by a psychologist, his fanatical religious beliefs, his insistence on testifying and essentially confessing, and his inability to consult with his lawyer. Robidoux additionally argues that the court failed to fully appreciate the differences between group brainwashing by a cult and individualized mental illness.

Although the court remains unchanged in its view that the record illustrates that Robidoux was in fact competent to stand trial, it recognizes that this is an issue that reasonable jurists could well debate. Consequently, the court will GRANT the COA on the issue of whether petitioner received ineffective assistance at trial because of his counsel's failure to request a mental evaluation and a competency hearing. On all other asserted grounds, the application for a COA is DENIED.

ORDER

For the foregoing reasons, the petitioner's motion for a certificate of appealability is ALLOWED in part and DENIED in part as stated in the body of the Memorandum.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE